## Jacob G. Reinhold *v.* Ephrata Borough, Appellant.

*Road law—Widening street—Damages—Evidence.*

In an action against a borough to recover damages for land taken in widening a street, the Supreme Court will not reverse when the plaintiff, after having given his opinion of the value of the whole lot before the taking, was permitted to testify in support of his opinion that he had made a parol sale of the land before the widening of t e street for four thousand dollars, but that after the widening the vendee on that account refused to take the property, and at a subsequent sale plaintiff could get only thirty-two hundred and twenty-five dollars for it.

Argued May 23, 1895. Appeal, No. 488, Jan. T., 1895, by defendant, from judgment of C. P. Lancaster Co., Aug. T., 1893, No. 148, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from award of viewers. Before BRUBAKER, J.

At the trial plaintiff when on the stand, after having stated that before the widening the land was worth four thousand dollars, and after the widening it was worth but thirty-two hundred and twenty-five dollars, was asked this question:

Q. How do you know that? Upon what do you base that judgment that it was worth $4,000, before the street was widened and only $3,225, afterwards?

Objected to by the defendant's counsel. Objection overruled and bill sealed for defendant.

A. I had sold the property to Mr. Carpenter for $4,000.

The defendant's counsel object, unless he will say he knew Mr. Carpenter was not buying it for a specific purpose.

By the witness: I know, because I had sold it to Mr. Carpenter, or contracted for it for $4,000, and he said he would take it.

By the Court: When had you sold it? Was that before the improvements were made?

A. That was before it was cut down, before the improvements were made by the borough; but afterwards he said he couldn't take it, because they had taken too much ground; it wouldn't do for the purpose he wanted it.

Q. He wouldn't take the property? A. He wouldn't take the property; afterwards I sold it to Hiram Nessinger for $3,225. [1]

The court charged in part as follows:

There has been some other testimony offered on the part of the plaintiff in this case, which you have heard discussed, and that is that he had sold this property to a man named Carpenter for—I think it was $4,000. Now, if this story is true as stated by him, it would be evidence of the actual selling price of the property before the change was made, evidence for you to consider in connection with all the other testimony that has been given to you upon the stand. [2]

Defendant's point was as follows:

There is no proof of a valid sale of the property to Carpenter. *Answer:* I don't know that I exactly understand this point. In order to make a sale binding, so as to get a deed for the property, it must be in writing under the statute of frauds. The law does this wisely for the purpose of preventing parties from perjuring themselves; and therefore, under the statute of frauds, the contract must be in writing. There are oral as well as written contracts for the sale of real property, though a party may or may not carry them out; but when it comes to the delivery of the deed, the vendor is not obliged to do it, and the vendee is supposed to take it, unless he has taken possession of the property under said oral sale. If this plaintiff made a bona fide sale of this property; if it be true, as he said, that Mr. Carpenter had entered into an oral contract for the sale of the property, then it is for you to consider with the other evidence in the case as to the value of the property. The ques-

tion is whether you will believe it. If you do not believe it then you do not take it into consideration. If you do believe it you may take it into consideration with all the evidence that has been submitted in this case when you come to consider the value of this property. [3]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2, 3) above instructions, quoting them.

*A. B. Hassler*, *B. F. Davis* with him, for appellant.—The proper measure of damages sustained by the property is the difference between what the property would bring in the open market before the improvements and after improvements were made : Cummings v. Williamsport, 84 Pa. 472 ; Shenango R. R. v. Braham, 79 Pa. 447.

Under the statute of frauds and perjuries, a parol contract for the sale of land will not be enforced : Sands, Herdic & Co. v. Arthur, 84 Pa. 479 ; Mellon v. Davidson, 123 Pa. 298.

The contract made with Carpenter for the sale of this land was a nullity. It could not have been enforced even though the street had not been widened, and if it had been in writing, it could have been enforced even after the street had been widened. As presented at the trial it was nothing more than hearsay evidence of what one individual said he was willing to give for the property : Geissinger v. Borough, 133 Pa. 522.

*W. U. Hensel*, *J. Hay Brown* with him, for appellee.—The case is ruled by Spring City Gas Light Co. v. Penna. S. V. R. R., 167 Pa. 6.

OPINION BY Mr. JUSTICE MITCHELL, October 7, 1895 :

The three assignments of error all relate to the same matter, the submission to the jury of plaintiff's testimony that he had made a parol sale of the lot for $4,000 before the taking of part of it by the borough. It is important to keep in view the precise testimony and the way in which it was introduced. Plaintiff being on the stand and having given his opinion of the value of the whole lot before the taking, was asked " how do

you know that?" And replied that he knew because he had sold it or contracted it to Mr. Carpenter. This it will be observed was not making the parol sale the basis of any claim for the loss of the bargain, but merely mentioning it as a circumstance tending to sustain his opinion of the value, already admitted in evidence. If it had been brought out in cross-examination, in the effort to test the grounds and the accuracy of the witness's opinion, there could be no question of its entire competency for such purpose, and although it belongs to a class of evidence not usually admitted in behalf of the party himself, and not to be encouraged on his part, yet we do not think it was so entirely erroneous as matter of law as to require a reversal in a case where it is nearly certain that it did no harm. The plaintiff's estimate of his damages, based as already said on the contract price to Carpenter and the actual sale after the taking, was $775; of his witnesses who testified on the subject of damages, five estimated them between $700 and $800, two at $800 and one at $1,000. All this with the opposing evidence for the borough, was submitted to the jury by the learned judge below, very carefully and impartially, with a very pointed reference to them of the credibility of the alleged sale, and the direction that if they believed it, it "would be evidence of the actual selling price of the property before the change was made, evidence for you to consider in connection with all the other testimony." This, following a clear and accurate statement of the general rule, laid down in our cases, for the measure of damages for such taking, gave the appellant no ground for just complaint.

Judgment affirmed.